IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KAREN SIEGEL                                                              PLAINTIFF

V.                  CASE NO. 3:18-cv-00031

ANGIE HERINGER, Individually and as an
Officer for ARC ANGELS FOR ANIMALS;
ARC ANGELS FOR ANIMALS, an Arkansas
Corporation; RUTH SCROGGIN; MARGARET
SHEPHERD, Individually and as Director of
NORTHEAST ARKANSAS HUMANE SOCIETY;
NORTHEAST ARKANSAS HUMANE SOCIETY;
DR. KEVIN REED, Individually and as an
Officer for VETCARE, INC.; VETCARE, INC.;
CRAIGHEAD COUNTY; MARTY BOYD, as the
Craighead County Sheriff; RUSTY GRIGSBY,
Individually and in his official capacity as
Craighead County Sheriff Deputy; CATHY NORRIS;
DR. MICHAEL O. NORRIS; WYNNE FRIENDS OF
ANIMALS, AND JOHN/JANE DOE X-XX                 DEFENDANTS

## ORDER

Pending are motions for judgment on the pleadings filed by Defendants Dr. Kevin Reed and Vetcare, Inc. (collectively "Reed") and Defendants ARC Angels for Animals and Angie Heringer (collectively "Heringer") (Document Nos. 24 and 33).[1] Defendants Ruth Scroggin and, separately, Kathy Norris, Michael O. Norris, and the Wynn Friends of Animals (collectively "the Norris defendants") have adopted the Reed defendants' motion for judgment on the pleadings. Plaintiff Karen Siegel filed a combined response to the motions, which are ripe for consideration.

---

[1] The pending motions were directed at the original complaint, but the Court has advised the parties that it is analyzing them in the context of the amended complaint. (Document No. 58.)

Allegations of the Amended Complaint and Public Record Material

The following facts are taken from the allegations in the amended complaint, supplemented by additional facts taken from the public record of the Craighead County proceedings that were supplied by the Reed defendants in their motion for judgment on the pleadings. Heringer and Scroggin provided information to the Craighead County Sheriff's Department about Siegel's dogs which resulted in the issuance of a search warrant for Siegel's property. The search warrant was executed on February 26, 2015, and 31 dogs were seized. Heringer and Scroggin took the dogs to the Reed defendants for boarding.

Reed spayed and neutered some of Sigel's dogs. Reed, Heringer, and Scroggin, acting in part as agents for the Craighead County Sheriff's Department, re-named, microchipped, gave away, and otherwise hid Siegel's dogs from her. Heringer took some of Siegel's dogs to the Norris defendants' clinic where the Norris defendants allowed some of the dogs to be spayed or neutered and records falsified to hide the fact of the procedures.

On October 23, 2015, Siegel was convicted of 31 counts of animal cruelty by the District Court of Craighead County and ordered to pay a fine of $6,200 plus costs.[2] The district court ordered Siegel's dogs to be placed in the custody of the Northeast Arkansas Humane Society (NEAHS) pending Siegel's appeal. NEAHS never took custody of the dog and allowed Heringer and Scroggin to continue to keep the dogs. Heringer failed to comply with a district court order to provide an accurate list of the whereabouts of Siegel's dogs.

Siegel appealed her conviction to the Craighead County Circuit Court on November 9,

---

[2] Siegel alleges that she was fined $3,100 but the transcript from the district court reflects a $6,200 fine. The transcript also recites that "in addition to said fine and costs that the Defendant be imprisoned." No term was given, and this has not been mentioned by the parties.

2015. There, Sigel moved to suppress the evidence recovered from the search and seizure. The circuit court found that the search and seizure were not in violation of the U.S. Constitution or the Arkansas Constitution and denied the motion to suppress. Additionally, the court found that Scroggins and Heringer were not acting as agents of a government employee when they entered the property and that they were not subject to the constitutional prohibitions against unlawful searches and seizures. Siegel also moved to have Ark. Code Ann. §5-62-106 declared unconstitutional. The circuit court denied this motion as to both a facial challenge and an as applied challenge. Specifically, the circuit court considered and rejected the following arguments put forth by Siegel:

   a. Ark. Code Ann. § 5-62-106 violates the Fifth and Fourteenth Amendments to the United States Constitution to the United States, as well as Article 2, Section 8 of the Arkansas Constitution, by permitting the taking of property without due process of law.

   b. Ark. Code Ann. § 5-62-106 violates Article 2, Section 13 of the Arkansas Constitution by usurping a property owner's right to pursue civil remedies.

   c. Ark. Code Ann. § 5-62-106 deprives a property owner of his right to a jury trial in violation of Article 2, Section 7 of the Arkansas Constitution.

   d. Ark. Code Ann. § 5-62-106 violates the Sixth and Fourteenth Amendments of the United States Constitution by depriving criminal defendants the right to confront and cross-examine.

   e. Ark. Code. Ann. § 5-62-106 violates Article IV, Section 2 and Amendment 80, Section 3 of the Arkansas Constitution by usurping the Arkansas Supreme Court's authority to establish rules governing the practice and procedure of the courts.

The case in circuit court was dismissed on October 4, 2017 for lack of a speedy trial. On October 16, 2017, Siegel moved for the return of her property pursuant to Rule 15.2 of the

Arkansas Rules of Criminal Procedure and Ark. Code Ann. §5-62-106(d).[3] The State appealed the dismissal to the Arkansas Supreme Court on October 25, 2017; the appeal is ongoing. On February 2, 2018, the circuit court determined that it lost jurisdiction when the State lodged the record on appeal. Siegel's motion for the return of her property has not been ruled on.

Based on these allegations, Siegel makes the following claims against the defendants: taking of her property without due process in violation of the United States and Arkansas constitutions; conversion[4]; conspiracy to convert her property; and negligence. She also seeks punitive damages, a declaration that Ark. Code Ann. 5-62-106 is unconstitutional, an injunction preventing the defendants from continuing to engage in the acts and conduct complained of, and she seeks the return of her property pursuant to a writ of replevin. As stated in her response to the motions to dismiss, what Siegel is now seeking is the return of her dogs and damages.[5]

The Reed defendants raise several arguments in their motion for judgment on the pleadings. As to the constitutional claims, they claim that the action is barred by collateral estoppel, that they are entitled to qualified immunity, and the complaint fails to state a claim. The supplemental state law claims for conversion, conspiracy, and negligence, they argue, also fail because the Reed defendants are immune from civil liability under the Arkansas Animal

---

[3] It is unclear to the Court whether this is the first or second such petition Seigel filed. In the recitation of facts in her complaint, it appears she may have filed a petition pursuant to Ark. Code Ann. §5-62-106 in district court, as well. She states that "[t]he Craighead County District Court never found that she should be divested of custody of the dogs. There was never a court order allowing the dogs to be spayed or neutered."

[4] The amended complaint does not list conversion under the "causes of action" section, but under the conspiracy heading alleges that defendants did conspire and "did, in fact, convert" Siegel's property.

[5] Document No. 40, p. 2.

Cruelty Act, the claims are barred by the statute of limitations, and the complaint fails to state plausible claims. The Heringer defendants adopted the arguments made by the Reed defendants for the most part and some added additional argument regarding the redundancy of the suit against Heringer in her official capacity and the privilege of reporting suspected criminal activity to law enforcement.

Abstention

None of the defendants who have filed or adopted motions for judgment on the pleadings at this time have argued that the Court should abstain from exercising jurisdiction in this case. However, the Court may raise the issue of abstention *sua sponte*. *Robinson v. City of Omaha, Neb.*, 866 F.2d 1042, 1043 (8th Cir. 1989)(citing *Bellotti v. Baird,* 428 U.S. 132, 143 n. 10 (1976)).

Under the *Younger*[6] abstention doctrine, "federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010)(citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)). The criminal proceeding against Siegel that was initiated in the Craighead County District Court and resulted in her being found guilty on 31 charges of cruelty to animals is a state proceeding that qualifies for analysis under the *Younger* doctrine. *Minnesota Living Assistance, Inc. v. Peterson*, 899 F.3d

---

[6] *Younger v. Harris*, 401 U.S. 37, 54, 91 S. Ct. 746, 755, 27 L. Ed. 2d 669 (1971).

548 (8th Cir. 2018). As of the filing of this action in federal court, that case was on appeal before the Arkansas Supreme Court and, therefore, ongoing.

The only federal question in this case is whether defendants' actions deprived Siegel's of her property without due process of law in violation of the Fifth and Fourteenth Amendment to the U.S. Constitution. The constitutionality of Ark. Code Ann. §5-62-106 is at the heart of this matter. The circuit court denied her motion to find the statute unconstitutional after considering the exact same arguments she raises in this lawsuit. The state court action was subsequently dismissed for speedy trial violations. The State has appealed that dismissal to the Arkansas Supreme Court where it is pending. The State of Arkansas has an important interest in defending the constitutionality of its statutes.

As to whether Siegel has an adequate opportunity to raise the federal question she presents to this Court in the state proceeding---she has already done so and received an adverse ruling. That case is ongoing. Siegel had an opportunity to raise the issue on cross appeal or, if the case is reversed and remanded by the Arkansas Supreme Court on the speedy trial issue, she can raise it on a subsequent appeal to the Arkansas Supreme Court if she is convicted. Seigel is alleging that the defendants have failed to return her property after the circuit court action was terminated by the dismissal. Yet the State has appealed the dismissal, and the case is ongoing. Seigel has a pending motion in state court for the return of her property.

The Court is going to abstain from exercising jurisdiction over this question, and therefore, from exercising supplemental jurisdiction over the remaining state law claims.

The motions for judgment on the pleadings (Document Nos. 24 and 33) are moot.

The complaint is dismissed without prejudice as to all defendants. A separate judgment will be entered.

IT IS SO ORDERED 20th day of September, 2018.

_____
UNITED STATES DISTRICT JUDGE